UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIDEON DAMARYAM,<br>Plaintiff,<br>v.<br>ZACKERY P. MORAZZINI, et al.,<br>Defendants. | Case No. 5:26-cv-01672-EJD<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 67 |

Before the Court is pro se Plaintiff Gideon Damaryam's ("Plaintiff") motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Mot., ECF No. 67; OAH Opp'n, ECF No. 68; District Opp'n, ECF No. 69; Reply, ECF No. 70.

After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons stated below, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

On August 7, 2026, the Court granted the District's motion to dismiss without leave to amend ("Prior Order"). Order Granting Mot. to Dismiss ("Prior Order"), ECF No. 65. The Court found that Plaintiff failed to establish Article III standing to pursue his claims under the Individuals with Disabilities Education Act ("IDEA"), the Supremacy Clause, 42 U.S.C. § 1983, and "the First and Fourteenth Amendments" because he does not have legal custody of his child. *Id.* The Court then entered Judgment on August 10, 2026. Judgment, ECF No. 66. Plaintiff

United States District Court
Northern District of California

United States District Court
Northern District of California

timely filed the present motion to alter or amend the Judgment on September 8, 2026.[1]

## II. LEGAL STANDARD

Rule 59(e) permits a court to reconsider and amend its judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Amending a judgment after its entry is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citation omitted).

"Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). Generally, the four basic grounds for granting a Rule 59(e) motion are "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell,* 197 F.3d at 1255 n.1).

## III. DISCUSSION

The Court finds that Plaintiff failed to meet his heavy burden of establishing entitlement to the extraordinary remedy of altering or amending the Judgment for the following reasons.

First, the Court previously considered and rejected several of Plaintiff's arguments, including Plaintiff's assertion of independent parental rights under the Constitution, allegations of procedural injury arising from the OAH proceeding, the effects of the state court custody orders, and whether standing must be evaluated claim by claim. *See* Prior Order. Disagreement with an adverse ruling does not entitle a party to relief under Rule 59(e). *See Tabi v. Lazovsky*, No. CV 17-7189 DMG(JC), 2019 WL 6448934, at *1 (C.D. Cal. Aug. 22, 2019) (noting that "simply

[1] Regarding the District's argument that Plaintiff's motion is untimely, District Opp'n 3, the Court notes that September 7 was a federal holiday, extending Plaintiff's deadline to September 8. Fed. R. Civ. P. 6(a)(1)(B) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

disagree[ing] with the Court's analysis . . . is not a sufficient basis for vacating a final judgment") (collecting cases).

Second, Plaintiff challenges the Court's finding regarding redressability. The Court previously found that reinstating proceedings with OAH would inevitably result in the same outcome of dismissal because Plaintiff still does not have the authority to make educational decisions on behalf of his child. Prior Order 9. Plaintiff contends that this finding is contradicted by the fact that an Administrative Law Judge issued an order in a separate OAH proceeding that Plaintiff initiated against a different local educational agency. In that proceeding, the Administrative Law Judge found that Plaintiff had standing to proceed despite his lack of legal custody. *See* Opp'n to Mot. to Dismiss, Ex. A, ECF No. 51, at 19–38. The Court finds this OAH decision has no bearing on the merits of this case. The issue in that proceeding was Plaintiff's right to inspect his child's records, not his right to make educational decisions on behalf of his child. *Id.*

Third, Plaintiff contends that the Court relied in error on new custody orders provided for the first time in the District's reply brief, preventing Plaintiff from having the opportunity to respond. However, even without the new custody orders, Plaintiff had not provided the Court with any documentation indicating that the Superior Court had restored his rights since its January 27, 2026, order. The Court also notes that the parties discussed the custody orders reaffirming the Superior Court's January 27, 2026, order in their Joint Status Report filed on July 8, 2026. Joint Status Report ¶ 9, Ex. B, ECF No. 63.

Fourth, Plaintiff argues that the Prior Order did not address his argument that he has the separate right to reimbursement for past out-of-pocket educational expenses, regardless of his right to make educational decisions on behalf of his child. But the Court was not obligated to explicitly address each argument Plaintiff raised in opposition to the District's motion. *See Orubo v. Activehours, Inc.*, 826 F. Supp. 3d 1071, 1075 (N.D. Cal. 2026) ("The Court did not 'manifestly fail' to consider the opinion because a district court does not have 'an obligation to address explicitly every point raised by the parties.'") (cleaned up) (quoting *Westside Prop. Owners v.*

*Schlesinger*, 597 F.2d 1214, 1216 n.3 (9th Cir. 1979)). And regardless, Plaintiff's "reimbursement" argument fails because the complaint does not plead reimbursement as an independent claim or otherwise allege facts establishing an independent basis for standing to pursue such relief. Indeed, the word "reimbursement" appears in only one paragraph of the complaint, which states: "OAH ignored Plaintiffs Jan 27 Motion for Clarification, the original purpose of which was to define the scope of the claims. However, now that standing became an issue, it would have been a great way to separate prospective claims (future placement) from retrospective claims (reimbursement for past out-of-pocket educational expenses), and to separate issue related to independent parental rights (which should not be impacted by loss of decision making authority), vs. issue related to decision making on behalf of the child." First Am. Compl. ¶ 124, ECF No. 39.

Fifth, Plaintiff highlights a discrepancy in the Prior Order's discussion regarding Eleventh Amendment immunity. The Prior Order notes that Eleventh Amendment immunity had not been raised as an issue in this case, but Plaintiff argues that OAH did in fact mention Eleventh Amendment immunity in an opposition brief regarding Plaintiff's renewed fourth motion to enforce the IDEA's stay-put provision. *See* OAH Opp'n to Fourth Mot. to Enforce IDEA Stay-Put Provision, ECF No. 59. Upon re-examining the docket, the Court finds Plaintiff's observation is correct; but it has no impact on the Court's finding. The Court referenced Eleventh Amendment immunity in rejecting Plaintiff's reliance on cases examining the *Ex parte Young* doctrine:

> To pursue claims under *Ex parte Young* against a state official for prospective injunctive relief, plaintiffs "must identify a practice, policy, or procedure that animates the constitutional violation at issue." . . . . The facts alleged here do not invoke the *Ex parte Young* doctrine. Eleventh Amendment immunity has not been raised as an issue in this case, and Plaintiff is not challenging "a practice, policy, or procedure that animates the constitutional violation at issue."

Prior Order 10. Even if the Court acknowledged that Eleventh Amendment immunity had previously been raised as an issue in this case, it remains that Plaintiff still does not challenge "a practice, policy, or procedure that animates the constitutional violation at issue." *Id.* (internal quotation marks omitted).



United States District Court
Northern District of California

Sixth, Plaintiff argues that the Court erred by not providing him with the opportunity to amend, citing *Lopez*'s holding that courts should liberally "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, although Plaintiff did not request leave to amend, the Court did properly apply this doctrine and denied leave to amend because it found amendment futile "[g]iven the inescapable standing deficiencies at this time." Prior Order 12 (citing *Lopez*, 203 F.3d at 1127).

Seventh, Plaintiff argues that relief is necessary to prevent manifest injustice because OAH recently used the Court's Prior Order as justification to dismiss two additional proceedings that were pending at the time of the Court's order. The Court finds these circumstances insufficient to show manifest injustice. Whether OAH chooses to take into consideration the Court's Judgment in conducting its own standing analyses does not warrant altering or amending that Judgment.

And finally, Plaintiff argues that a Supreme Court case decided after the close of briefing, *T.M. v. Univ. of Maryland Med. Sys. Corp.*, 608 U.S. 668 (2026), constitutes "an intervening change in controlling law or [] authority establishing legal error" in regard to the Court's analysis of the *Rooker-Feldman* doctrine. Mot. ¶ 29. However, *T.M.* merely confirmed that district courts are barred from exercising judicial review of state court judgments while they are on appeal in the state court system. *Id.* The Supreme Court explicitly noted that its order "neither expands nor constrains *Rooker-Feldman*." *T.M.*, 608 U.S. at 688. The Court therefore finds that *T.M.* does not affect its prior analysis.

Accordingly, the Court finds Plaintiff failed to establish entitlement to relief under Rule 59(e) and **DENIES** Plaintiff's motion.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to alter or amend the Judgment is **DENIED**.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: November 24, 2026

EDWARD J. DAVILA
United States District Judge